UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
  ANSELMA SANCIA REGIS GUY and    :
  GLENSON RANALDO GUY,        :    **MEMORANDUM DECISION AND**
                                  :    **ORDER**
                  Plaintiffs,   :
                                    :    22-cv-6889 (BMC)
      - against -              :
                                    :
  ANTHONY BLINKEN,            :
                                  :
                  Defendant.   :
                                  :
-------------------------------------------------------- X

**COGAN**, District Judge.

      Plaintiff Glenson Ronaldo Guy applied for a visa to immigrate to the United States to live

with his wife, plaintiff Anselma Sancia Guy, a United States citizen.  The United States

Consulate in Bridgetown, Barbados, denied Mr. Guy's application based on the belief that he had

taken part in drug-related illegal conduct.  Plaintiffs bring this suit against U.S. Secretary of State

Anthony Blinken challenging the denial of Mr. Guy's visa application.  They allege violations of

the Immigration and Nationality Act ("INA") § 212(a)(14), 8 U.S.C.A. § 1182(a)(14), and

violations of the First Amendment right to free association and the Fifth Amendment right to due

process.[1]

      This case is now before me on defendant's motion to dismiss.  The Government argues

that the doctrine of consular nonreviewability precludes plaintiffs' statutory and constitutional

claims.  For the reasons discussed below, defendant's motion is granted.

---

[1] Plaintiffs have withdrawn their claims under the Administrative Procedures Act, 5 U.S.C.A. § 551, *et seq.*

**BACKGROUND**

Mr. Guy is a citizen and resident of St. Vincent and the Grenadines and is married to Mrs. Guy, who is a United States citizen and resident of Brooklyn, New York. Mr. Guy first arrived in the United States on a B-2 visa in the Summer of 2000. He was authorized to remain in the country for a period of six months. In June 2001, when he was sixteen years old, Mr. Guy was arrested in New York and charged with Criminal Sale of a Controlled Substance (a class D felony), in violation of New York State Penal Law § 220.31. Mr. Guy pleaded guilty in 2001 to the charge, for which he was adjudicated a youthful offender. Removal proceedings were then initiated against Mr. Guy because he had overstayed his visa. He voluntarily departed the United States on April 2, 2003, and has remained outside of the United States since that time.

In July 2017, Mr. and Mrs. Guy married in St. Vincent. Mrs. Guy then filed an I-130 immigration petition for Mr. Guy, which was approved in 2018. On or about April 11, 2019, the Consulate denied Mr. Guy's immigrant visa application, finding him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II),[2] which bars visa admission to "any alien convicted of . . . a violation of . . . any law relating to a controlled substance," as well as under 8 U.S.C. § 1182(a)(9)(A)(2), which makes inadmissible any "alien who has [previously] been ordered removed [and] convicted of an aggravated felony." Mr. Guy contested the denial, arguing that he had not been convicted of an aggravated felony and that his youthful offender adjudication did not constitute a criminal conviction for purposes of the INA.

The consulate denied Mr. Guy's application a second time, in September 2020, again citing 8 U.S.C. § 1182(a)(2)(A)(i)(II). Mr. Guy's attorney wrote again to the Consulate,

---

[2] In what appears to have been a typographical error, the Consulate cited 8 U.S.C. § 1182(a)(2)(A)(2), a nonexistent provision of the statute, in its decision denying Mr. Guy's first visa application.

reiterating her response to the first denial.  The Consulate denied Mr. Guy's visa application for the third time in April 2021.  This time the Consulate found Mr. Guy inadmissible under 8 U.S.C. § 1182(a)(2)(C)(i), which provides:  "Any alien who the consular officer or the Attorney General knows or has reason to believe . . . is or has been an illicit trafficker in any controlled substance . . . or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so . . . is inadmissible."  The consular officer concluded that he had "reason to believe" that Mr. Guy is or has been an illicit trafficker in a controlled substance based on his 2001 conviction.  Mr. Guy and his wife bring this action to contest the third visa denial.

## DISCUSSION

Generally, a court may not review the Government's decision to deny a visa.  See Am. Acad. of Religion v. Napolitano, 573 F.3d 115, 123 (2d Cir. 2009) ("[A] consular officer's decision to grant or deny a visa is immune from judicial review."); United States ex rel. Knauff v. Shaughnessy, 338 U.S. 537, 543 (1950) ("[I]t is not within the province of any court, unless expressly authorized by law, to review the determination of the political branch of the Government to exclude a given alien.").  This doctrine of consular nonreviewability applies even where the consular officer's decision was "erroneous, arbitrary, or contrary to agency regulations."  Aquino v. Immigr. and Customs Enforcement, No. 09-cv-912, 2009 WL 1406625, at *2 (E.D.N.Y. May 18, 2009) (quoting Ngassam v. Chertoff, 590 F. Supp. 2d 461, 467 (S.D.N.Y. 2008)) (emphasis in original); see also Burrafato v. State Dep't, 523 F.2d 554, 556 (2d Cir. 1975).

A narrow exception to the general rule of consular nonreviewability exists when an American citizen challenges visa denials that burden her constitutional rights – commonly

referred to as the "Mandel exception."  See Kerry v. Din, 576 U.S. 86, 135 (2015) (citing

Kleindienst v. Mandel, 408 U.S. 753, 769-70 (1972)).  Plaintiffs argue that this exception applies

to Mrs. Guy's claims,[3] and that the Court must inquire as to the propriety of the consular

officer's decision denying Mr. Guy's visa application.  I disagree.

The Mandel exception only applies when the Government cannot show a "facially

legitimate and bona fide" reason for the contested visa denial.  See Mandel, 408 U.S. at 770

("[W]hen the Executive exercises [its power to exclude aliens or prescribe the conditions for

their entry into this country] negatively on the basis of a facially legitimate and bona fide reason,

the courts will neither look behind the exercise of that discretion, nor test it by balancing its

justification against the [alleged constitutional interests]."); see also Am. Acad., 573 F.3d at 125.

Thus, even when the exclusion of a nonresident alien allegedly implicates the constitutional

rights of a U.S. citizen, courts do not first assess the validity of that claim.  Instead, the court

determines whether the Government can provide a "facially legitimate and bona fide" reason for

the contested visa denial, and if it can then the doctrine of consular nonreviewability bars further

inquiry.  To demonstrate a "facially legitimate" reason for denying a visa application, the

Government need only identify a "properly construed statute that provides a ground of

exclusion" and provide "the consular officer's assurance that he or she 'knows or has reason to

believe' that the visa applicant has done something fitting within the proscribed category."  Am.

Acad., 573 F.3d at 126.  Such assurance is "bona fide" in the "absence of an allegation that the

consular officer acted in bad faith."  Id.

---

[3] There seems to be no dispute that – insofar as plaintiffs assert constitutional claims – only Mrs. Guy, as an American citizen, is able to assert constitutional claims for entry.  See Mandel, 408 U.S. at 754; Trump v. Hawaii, 138 S. Ct. 2392, 2418 (2018) ("[F]oreign nationals seeking admission have no constitutional right to entry[.]"). Accordingly, Mr. Guy cannot take advantage of the narrow Mandel exception and his claims are barred by the doctrine of consular nonreviewability.

Here, the Government has shown a "facially legitimate" reason for denying Mr. Guy's visa application.  The consular officer relied on a properly construed statute – 8 U.S.C. § 1182(a)(2)(A)(i)(II) – and the officer had "reason to believe" that Mr. Guy fell within that statute because of his prior conviction for criminal sale of a controlled substance.  See Wallace v. Gonzales, 463 F.3d 135, 139 (2d Cir. 2006) (immigration officials may consider an alien's New York youthful offender adjudication as a factor in evaluating a visa application, even if a youthful offense may not be deemed a "conviction" under the INA); Neptune v. Holder, 346 F. App'x 671, 673 (2d Cir. 2009) ("[The INA] do[es] not require that an alien be *convicted* of a drug trafficking offense in order to be found inadmissible. . . .  The statute places no qualification upon the *basis* of knowledge or belief that an alien has engaged in drug trafficking." (emphasis in original) (cleaned up)).

The Government's reason is also bona fide.  Although plaintiffs baldly allege that defendants have acted in bad faith, they "concede that there is no evidence in the record to support this claim."  See Alharbi v. Miller, 368 F. Supp. 3d 527, 561 (E.D.N.Y. 2019) ("Because plaintiffs have not advanced an adequate allegation of bad faith on behalf of the consular officers who refused their visas, the Court cannot look behind the reason given for those refusals.").

Plaintiff's argument that Ninth Circuit precedent requires a different result is not persuasive.  Although the Ninth Circuit has recognized that a plaintiff's assertion of associational rights could warrant judicial review, that review is still limited to circumstances in which the Government fails to provide "a facially legitimate and bona fide reason" for denying the visa.  See Munoz v. United States Dep't of State, 50 F.4th 906, 909 (9th Cir. 2022).  Thus, even assuming that Mrs. Guy has a protected liberty interest or associational right related to spousal

unification – which is unclear under Second Circuit precedent,[4] see Xian Yong Zeng v. Pompeo, 740 F. App'x 9, 11 (2d Cir. 2018) – the Government has provided "a facially legitimate and bona fide reason" for denying Mr. Guy's visa application and the Court will not "look behind" the consulate officer's exercise of discretion.  See Mandel, 408 U.S. at 770.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted.


**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.


Dated: Brooklyn, New York
July 19, 2023

---

[4] Plaintiff relies on Hawaii, 138 S. Ct. 2392 to argue that the Supreme Court has unambiguously recognized a right to spousal association in the immigration context.  But the Supreme Court's discussion in that case of the "concrete hardship" faced by "an American individual who has a bona fide relationship with a particular person seeking to enter the country" concerned the plaintiff's standing, not the scope of the right to freedom of association.  See also Colindres v. U.S. Dep't of State, No. 22-5009, 2023 WL 4140277, *1 (D.C. Cir. June 23, 2023) ("Though marriage is a fundamental right, it does not include the right to live in America with one's spouse.").